Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4593 | **DATE** | 11/13/2001 |
| **CASE TITLE** | AMERICAN YACHTS vs. GREAT LAKES YACHT SALES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 11/28/01 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 1 4 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

AMERICAN YACHTS, LTD., a/s/o )
RICHARD HOSKINS, and RICHARD )
HOSKINS, )
                                    )
             Plaintiffs, )   No. 01 C 4593
                                    )
v.                                    )   Judge John W. Darrah
                                    )
GREAT LAKES YACHT SALES, INC., )
                                    )
           Defendant. )

DOCKETED NOV 1 4 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs, American Yachts, Ltd., ("American Yachts") as subrogee of Richard Hoskins, and Richard Hoskins ("Hoskins"), individually, filed a four-count complaint against defendant, Great Lakes Yacht Sales, Inc., ("Great Lakes"), alleging negligent repair of Hoskins' Cabin Cruiser and breach of contract. Before this Court is defendant's Motion to Dismiss.

Hoskins is the owner of a 38-foot Carver Cabin Cruiser ("Cabin Cruiser"), the subject of this litigation. American Yachts was the insurer of the Cabin Cruiser. Defendant, Great Lakes, is engaged in the business of boat sales and services. Defendant's boat services include a full service marina and fiberglass repair facility. Hoskins entered into an agreement with Great Lakes to make repairs to the Cabin Cruiser.

On June 31, 1998, Great Lakes performed repairs on the fiberglass muffler box of the Cabin Cruiser. On August 28, 1998, while on Lake Michigan, the Cabin Cruiser began taking on water at or near the muffler box where the repairs were made and sank. The sinking of the Cabin Cruiser lead to the filing of this suit.

Federal District Courts have original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. §1333(1). Maritime jurisdiction is appropriate when (1) a potential hazard to maritime commerce arises out of an activity that (2) bears a substantial relationship to traditional maritime activity. *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 675, n. 5 (1982)

(*Foremost*). A substantial relationship to *commercial* maritime activity is not required to support a finding of maritime jurisdiction. *Foremost*, 457 U.S. at 674. (Emphasis added). For example, maritime jurisdiction was found following a collision between two pleasure boats on navigable waters because the collision was potentially disruptive to commerce. *See Foremost*, 457 U.S. at 675.

The Supreme Court found that the first part of the *Foremost* test was satisfied where a fire broke out on a pleasure yacht while stored at a marina on a navigable waterway. *Everett A. Sisson v. Burton B. Ruby*, 497 U.S. 358, 363 (1990) (*Sisson*).[1] The Court concluded that a fire at a marina could potentially have a disruptive impact on maritime commerce since "it could spread to nearby commercial vessels or make the marina inaccessible to such vessels." *Sisson*, 497 U.S. at 363.

In *Foremost*, the Court found that the second part of the *Foremost* test was satisfied, because the navigation of vessels on navigable waters generally bears a substantial relationship to maritime activity. *Foremost*, 457 U.S. at 675-77. The storage and maintenance of a vessel at a marina on navigable waters has also been found to be substantially related to "traditional maritime activity." *Sisson*, 497 U.S. at 367.

In the present case, the Cabin Cruiser sank on Lake Michigan after taking on water. This could have created a potential hazard for commercial vessels within the vicinity. Therefore, the first part of the *Foremost* test is satisfied. Furthermore, the Cabin Cruiser was on Lake Michigan when it sank. Thus, the second part of the test is also satisfied since navigation on navigable waters bears a substantial relationship to maritime activity. *See Sisson*, 497 U.S. at 365.

For these reasons, this Court has maritime jurisdiction over this case, and defendant's Motion to Dismiss is DENIED.

Dated: 11/13/01

JOHN W. DARRAH
United States District Judge

---

[1] Both parties cite the lower court decision in *Complaint of Everett A. Sisson*, 663 F.Supp. 858 (N.D. Ill 1987). However, neither party considered that this case had been overturned by the United States Supreme Court in *Everett A. Sisson v. Burton B. Ruby*, 497 U.S. 358, 363 (1990).

2