# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4593 | **DATE** | 10/23/2002 |
| **CASE TITLE** | AMERICAN YACHTS, LTD. vs. GREAT LAKES YACHT SALES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiffs' motion to withdraw is entered and continued to October 24, 2002 at 12:00 p.m. Defendant, Great Lakes Yacht Sales, Inc.'s emergency motion for leave to depose John Paladino is granted. Enter Memorandum Opinion And Order. Plaintiff's motion for voluntary dismissal is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 4 2002 | |
| | Notified counsel by telephone. | date docketed | 41 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
OCT 2 4 2002

| | |
|---|---|
| AMERICAN YACHTS, LTD., a/s/o RICHARD HOSKINS, and RICHARD HOSKINS, | ) ) ) ) |
| Plaintiffs, | ) No. 01 C 4593 |
| v. | ) ) Judge John W. Darrah |
| GREAT LAKES YACHT SALES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In June 2001, Plaintiffs, American Yachts, Ltd., as subrogee of Richard Hoskins, and Richard Hoskins ("Hoskins"), individually, filed a four-count complaint against Defendant, Great Lakes Yacht Sales, Inc. ("Great Lakes"), alleging negligent repair of Hoskins' cabin cruiser and breach of contract. In January 2002, discovery was ordered to be closed on July 8, 2002; a pretrial conference date of October 1, 2002 was set; and a November 4, 2002 trial date was set. In June 2002, Plaintiffs' Motion to Extend Discovery was granted; and discovery was extended until August 8, 2002.

In September 2002, Plaintiff was given leave to file an amended complaint; discovery was extended until October 10, 2002; and the pretrial conference was rescheduled to October 17, 2002. That same month, the Court granted Defendant's Motion to Strike Plaintiffs' expert. On October 8, 2002, Plaintiff filed a Motion For Voluntary Dismissal.

Plaintiffs presently seek voluntary dismissal of the instant suit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

An action may be dismissed at the plaintiff's request "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Dismissal of an action without prejudice pursuant to Rule 41(a)(2) is within the discretion of the court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) (*Tolle*). "Rule 23(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177. In addition, the district court

41

should consider whether dismissal would result in "plain legal prejudice" to the defendant and deny the motion for voluntary dismissal if it would so result. *See Kovalic v. DEC International, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). Factors considered include the defendant's effort and expense of preparation for trial, insufficient explanation for the need to take a dismissal, excessive delay and lack of diligence on plaintiff's part, and the fact that a motion for summary judgment has been filed. *See Federal Deposit Ins. Corp. v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992).

Plaintiffs allege that dismissal is warranted because the Defendant's previous employee/service manager, John Paladino ("Paladino") is a key witness in the case and that he is unable to be deposed or appear at trial due to a back injury and upcoming surgery.

Paladino's deposition was scheduled for September 30, 2002. Due to a back injury and his inability to drive to Chicago, Paladino requested that the deposition take place at his residence. On September 27, 2002, Plaintiffs cancelled Paladino's deposition. Plaintiffs' counsel avers that the deposition was cancelled because he did not believe that Paladino was medically able to take the deposition in light of his back injury and because of medication he was taking for such back injury. Plaintiffs' counsel further avers that Paladino will not be able to testify at trial because he is scheduled to undergo surgery on or about November 1, 2002. Counsel makes these averments based on conversations with Paladino and his wife.

In response, Defendant has provided the affidavit of Paladino in which he avers that he was able to be deposed at his home on September 30, 2002. He further avers that he is mobile and that the medication he is taking does not interfere with his ability to speak or his thought processes. He is in need of surgery on or about November 1, 2002; but he is available to be deposed in advance of the surgery.

Based on the above facts, Plaintiffs have failed to demonstrate that dismissal without prejudice is warranted. Paladino is available to be deposed prior to his surgery, and the medications he is taking will not interfere with the deposition. An evidence deposition can be taken to eliminate the need for Paladino to testify at trial. Furthermore, it is unclear how long Paladino will be

recovering for surgery so the possibility exists that he would be able to testify at trial.

In addition to Plaintiffs' failure to demonstrate that dismissal without prejudice is warranted, such dismissal would result in plain legal prejudice to the Defendant at this stage of the litigation. Defendant has extended resources throughout the life of the case and prepared for trial, which is scheduled to begin less than a month prior to Plaintiffs' filing the present motion. In addition, the pretrial conference was scheduled to be held eight days after the present motion was filed. Furthermore, as stated above, Plaintiffs' explanation for dismissal is insufficient.

For the reasons stated above, Plaintiffs' Motion for Voluntary Dismissal is denied.

Dated: October 23, 2002

JOHN W. DARRAH
United States District Judge